NETTIE L. McBRIDE, Appellant, v. FRED H. McBRIDE, Respondent.

(174 N. W. 870.)

**Divorce — insufficiency of evidence to sustain charge of cruelty and intemperance.**

> This is a suit for divorce on the ground of cruelty and intemperance. The evidence does not sustain the charge.

Opinion filed October 7, 1919.

Appeal from the District Court of Pierce County, Honorable *C. W. Buttz,* Special Judge.

Affirmed.

*Richard E. Wenzel,* for appellant.

"A judgment dismissing a suit for divorce does not bar a subsequent suit therefor unless it was rendered after a trial of the issues and upon the merits." Haldeman v. United States, 91 U. S. 584; Rincon Water Co. v. Anaheim Union Power Co. 115 Fed. 543; Bishop v. McGillis (Wis.) 51 N. W. 1075; Wakely v. Delaplaine, 15 Wis. 554; Goeldner v. Goeldner (Iowa) 139 N. W. 889; Craig v. Craig, 87 S. E. 727; Kershaw v. Kershaw, 5 Pa. Dist. R. 551; McPherson v. Swift, 22 S. D. 165, 116 N. W. 76; Taylor v. Neys, 11 S. D. 605, 79 N. W. 998; 14 Cyc. 726.

"Condonation is revoked and the original cause of divorce revived.

"1. When the condonee commits acts constituting a like or other cause of divorce; or,

"2. When the condonee is guilty of great conjugal unkindness, not amounting to a cause of divorce, but sufficiently habitual and gross to show that the conditions of condonation had not been accepted in good faith or not fulfilled." Comp. Laws 1913, § 4392; Mosher v. Mosher, 16 N. D. 269; Andrews v. Andrews, 120 Cal. 184, 52 Pac. 298; Douglass v. Douglass, 81 Iowa, 258, 47 N. W. 92; Powelson v. Powelson, 22 Cal. 358; Braun v. Braun, 194 Pa. 287, 75 Am. St. Rep. 699; Fitzpatrick v. Fitzpatrick, 21 Misc. 378, 47 N. Y. Supp. 737; Sharp v. Sharp (Ill.) 6 N. E. 15; Gardner v. Gardner, 9 N. D. 192; Taylor v. Taylor, 5 N. D. 58; 14 Cyc. 643 (G).

"Any unjustifiable conduct on the part of either husband or wife, which so grievously wounds the feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the health . . . or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty under the statutes." Thompson v. Thompson, 32 N. D. 536.

*Harold B. Nelson,* for respondent.

"Where an agreement or stipulation is made between parties to dismiss a suit, and there is no dispute as to the fact of such agreement, the courts will carry it into effect upon motion." 14 Cyc. 430, and note 67; 23 Cyc. 1134, and cases cited in note 26.

"Where parties have agreed to a settlement of an existing lawsuit, and put it in writing, and signed it, such arrangement must stand until set aside for such fraud as should vitiate it upon a rescission, attempted as soon as practicable after the fraud is known, and with no lack of diligence in discovering it." Royl v. Hammond, 58 N. W. 654; Lewless v. Railway Co. 32 N. W. 790; 23 Cyc. 1141.

"Ordinarily a decree in equity is in fact rendered on the merits when no qualifying words such as 'without prejudice' are used." Bigelow, Estoppel, pp. 63, 79; Durant v. Essex Co. 7 Wall. 107; Hughes v. United States, 4 Wall. 237; Adams v. Goves, 75 Iowa, 642; Bradley v. Bradley, 160 Mass. 258, 35 N. E. 482; Munn v. Mather, 111 Pac. 566; United States v. Parker, 120 U. S. 89; Fletcher v. Holmes, 25 Ind. 458; Leeman v. Osborne, 153 Ind. 172, 52 N. E. 1058.

A judgment or decree dismissing a suit without any reservation for its renewal, is not a judgment of nonsuit, it is final, and as *res judicata* concludes the parties. 1 Herman, Estoppel, § 256; Bert v. Hoppie, 3 Cal. 137; Bank v. Hopkins, 2 Dana, 395; Philpots v. Blaisdell, 10 Nev. 19; Luffer v. Allen, 55 Ill. 556.

The entry of judgment in a divorce action dismissing the complaint, without the addition of the words, "without prejudice," purports to be a final judgment on the merits, and is a bar to any subsequent suit upon the same cause of action. 9 R. C. L. 464, § 276; Brown v. Brown, 75 Am. Dec. 154. See also note in 26 L.R.A.(N.S.) 577.

Whether or not this grievous mental suffering has been inflicted in any particular case is purely a question of fact to be determined from

a consideration of all of the circumstances of the case, including the mental characteristics of the party complaining so far as they may be developed. Mahnken v. Mahnken, 9 N. D. 188; Mosher v. Mosher, 16 N. D. 269.

"No conduct is considered cruelty which results in mere unhappiness." 1 Nelson, Div. & Sep. pp. 314, 328, 367; Peck v. Peck, 33 N. W. 393; Taylor v. Taylor, 45 N. W. 307; Fairchild v. Fairchild, 11 Atl. 426.

Robinson, J. "'Tis said, alas! that love should wound itself and sweet affection prove the spring of woe." In the springtime of life, some thirty years ago, the parties to this action met, loved, and plighted their vows. She has borne him five children, now young men, whose ages vary from twenty-nine to seventeen years; but now, as the passions of youth have naturally waned, and "age has cloyed love and use destroyed love," she brings this suit to sever the bonds of matrimony. She avers that during the past two years defendant has treated her in a cruel and inhuman manner, by calling her bad names, abusing and assaulting her, and by making false charges against her chastity. She also avers that he has been guilty of intemperance in the excessive use of intoxicating liquors.

It appears that in January, 1917, she commenced a former action on the same grounds, and in two months they made a settlement. He, in a manly way, to some extent, confessed and did penance by conveying to her money and property worth several thousand dollars—enough to secure her in all the comforts of life—and she still retains the same. Hence, it may be said that she is a free and independent lady; if she does not like the defendant, she does not have to live with him. Two weeks after the settlement the poor lady found it necessary to go to a hospital and to endure an operation for cancer of the breast. There she remained for some five weeks, and during that time he did not fail to kindly visit her twice a day. Soon after her return from the hospital he became enraged and fumed and scolded on seeing the fee bill presented to her by the attorney in the divorce suit, and again he had recourse to the bottle. Then she insisted that he should live at the hotel and not at his home. This he did for several months, and in the meantime he furnished all the usual supplies for the house, until the plain-

tiff left it and refused to live with him and commenced this suit. At the time of the marriage defendant was a bartender in a saloon at Towner. Then for eight years he was county judge. Then he kept a drug store and made it a success. So there is no charge that the plaintiff was ever denied all the comforts of life. Defendant swears that he still loves her and that she has been to him a good and true wife. His hope is that "time and regret may recall her again." The trial court justly dismissed the action, and the good lady appeals.

The statute permits a divorce for extreme cruelty and for habitual intemperance. Comp. Laws, § 4382. Extreme cruelty is the infliction by one party to the marriage of grievous bodily injury or grievous mental suffering upon the other. § 4385. Habitual intemperance is that degree of intemperance which disqualifies the person a great portion of the time from properly attending to his business or which reasonably inflicts a course of great mental anguish upon the innocent party. § 4386. Habitual intemperance must continue for one year before it is a cause of divorce.

There is no showing that defendant has been guilty of any such intemperance or cruelty. It is true that he has been given to the excessive use of liquor, and at times, when under the influence, he has used bad and drunken language to the plaintiff, but he has never assaulted or struck her, or neglected to provide well for her and her family. Indeed, there is no just claim that since the settlement the defendant has given the plaintiff any just cause for divorce. The claim is that by his subsequent conduct the contract of settlement has been revoked so that all the sins of his life now rise up against him, but the claim is neither just nor legal. The record shows no cause for a divorce at any time, and the settlement was no ordinary condonation. There was a valid contract, based upon a consideration of several thousand dollars, which the defendant has received and retained. The whole conduct of the defendant taken into consideration does not in this case show cause for dissolving the marriage.

The judgment is affirmed, without costs.

CHRISTIANSON, Ch. J., concurs.

GRACE, J., I concur in the result.

BIRDZELL, J. (concurring). I concur in an affirmance of the judgment, but I desire to add to the opinion already written in the case a brief statement indicating more adequately the reasons which lead to the conclusion. A careful reading of the record fails to result in a conviction that the plaintiff has sustained the burden of proof either upon the charge of cruelty or of habitual intemperance. The testimony in relation to the cruelty charges, particularly, is conflicting, and the trial judge, who had the benefit of a better opportunity to weigh the testimony of the witnesses, has found against the plaintiff. This finding should stand. It is noteworthy that two sons of the marriage, who were in the best position perhaps to corroborate the testimony of one or the other of the parents with respect to those charges, did not testify. It is true that the record shows that the plaintiff made some effort to obtain testimony from this source, but in view of the methods available for obtaining testimony we can hardly assume, upon appeal, that it was impossible for either party to obtain needed evidence where the witnesses are living, available, and competent. Perhaps the natural explanation of their failure to testify is their desire to discountenance the proceeding. The record in its present state leaves a well-grounded doubt in the mind as to whether the defendant was guilty of extreme cruelty toward the plaintiff.

Upon the charge of intemperance, it is frankly admitted by the defendant that he has fought a hard fight against the seductive wiles of strong drink, and that he has four times taken the Keeley cure with all of its attendant unpleasantness. But his business must have militated considerably against his efforts to avoid drink. At the time the parties were married the defendant was a bartender in a saloon at Towner. Later, he was county judge for a period, and thereafter and for a long period since he has been engaged in the drug business. It appears that he has not drunk sufficiently to preclude a successful management of his business, for he has accumulated considerable property. The spells which the plaintiff attributes entirely to drink the defendant attributes to other physical causes. A substantial doubt also exists with respect to this charge.

Considering the ages of the parties, their period of life, and the length of time they have lived together, along with the inconclusive character of the testimony to prove the charges upon which relief is

sought, I am of the opinion that justice would not be subserved by reversing the judgment of the trial court and granting a divorce.

BRONSON, J., concurs.